UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN MARLETTE,                                   Case No: 4:22-cv-11003-SDD-APP

        Plaintiff,                                   Hon.

v.

ROGIER DEN DEKKER,
HERTZ VEHICLES, LLC,
CITIZENS INSURANCE COMPANY
OF THE MIDWEST and CITIZENS
INSURANCE COMPANY OF AMERICA,

        Defendants.
_____/

**Marc J. Mendelson P-52798**
**Lewis A. Melfi P-73854**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-l365
(248) 350-9050
lmelfi@855mikewins.com
ashley@855mikewins.com
_____/

## PLAINTIFF'S FIRST AMENDED COMPLAINT and DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Steven Marlette, by and through his attorneys, Mike Morse Law Firm, and for his First Amended Complaint against the above named Defendants, Rogier Den Dekker, Hertz Vehicles, LLC, Citizens Insurance Company of the Midwest and Citizens Insurance Company of America, states as follows:

## THE PARTIES

1. Plaintiff, Steven Marlette, is a resident of Lake Orion, County of Oakland, State of Michigan.

2. Defendant, Rogier Den Dekker, upon information and belief, is a resident of Drunen, within the municipality of Heusden, Netherlands.

3. Defendant, Hertz Vehicles, LLC, is a foreign profit corporation, doing business pursuant to the laws of the State of Michigan, and this Defendant conducts business in the County of Oakland, State of Michigan.

4. Defendant, Citizens Insurance Company of the Midwest, is an insurance company, doing business pursuant to the laws of the State of Michigan, and this Defendant conducts business in Oakland County, Michigan.

5. Defendant, Citizens Insurance Company of America, is an insurance company, doing business pursuant to the laws of the State of Michigan, and this Defendant conducts business in Oakland County, Michigan.

## JURISDICTION AND VENUE

6. Jurisdiction is vested in this Court by the diversity of citizenship of the parties and 28 U.S.C. §1332.

7. The amount in controversy exceeds $75,000.00, exclusive of interest and

costs, and is otherwise within the jurisdiction of this Honorable Court.

## COUNT I
## NEGLIGENCE CLAIM AS TO DEFENDANT, ROGIER DEN DEKKER

8. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs l through 7 of this Complaint as if more specifically set forth herein word for word, paragraph for paragraph.

9. On or about May 21, 2019, Plaintiff, Steven Marlette, was the operator of a 2017 Honda motor vehicle, bearing Michigan license plate number BKS817, which motor vehicle was being driven in a careful and prudent manner on eastbound Big Beaver Road, at or near the intersection of Spencer, in the City of Troy, County of Oakland, State of Michigan.

10. At the aforementioned place and time, Defendant, Rogier Den Dekker, was the operator of a 2019 Subaru motor vehicle, bearing Michigan license plate number DZD4800, which motor vehicle said Defendant was driving in a careless, reckless and negligent manner, turning in a southerly direction from the Big Beaver Road turnaround across eastbound Big Beaver onto Spencer, in the City of Troy, County of Oakland, State of Michigan when said Defendant did strike Plaintiff's vehicle, causing serious and permanent injuries to Plaintiff, Steven Marlette, as hereinafter alleged.

11. On the aforementioned day and date, Defendant, Rogier Den Dekker, owed

a duty to operate his vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City of Troy.

12. Contrary to the duties owed to Plaintiff, Defendant, Rogier Den Dekker, was negligent, careless and reckless in several respects, including the following:

- (a) Failing to operate the motor vehicle with due care and caution in violation of MCL 257.627;

- (b) Driving the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others, MCL 257.626;

- (c) Failing to keep the motor vehicle constantly under control;

- (d) Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626(b);

- (e) Failing to attempt to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injury to Plaintiff;

- (f) Failing to observe the roadway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe Plaintiff's oncoming vehicle would endanger the life or property of other persons using the roadway;

- (g) Failing to yield to all approaching vehicles, MCL 257.649;

- (h) Failing to exercise reasonable and ordinary care to keep sharp lookout so as to avoid striking Plaintiff's vehicle;

    (i)    Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(l);

    (j)    Failing to make timely use of the braking system with which said vehicle is equipped;

    (k)    Failing to give audible warning of said motor vehicle when reasonably necessary to ensure its safe operation in violation of MCL 257.706;

    (l)    Operating said motor vehicle in excess of the posted limit in violation of MCL 257.628;

    (m)    Failing to drive at a careful and prudent speed that was reasonable and proper having due regard for the traffic conditions and surface of the roadway, MCL 257.627; and,

    (n)    Performing other acts of negligence not yet known to Plaintiff but will be ascertained during the discovery of said litigation.

13.    That as a result of said collision, Plaintiff did suffer, and will continue to experience for an indefinite time into the future, severe and excruciating pain and suffering, humiliation and embarrassment, loss of earnings, and loss of natural enjoyments of life, due to his injuries which include but are not limited to: ***traumatic injuries to his back requiring surgical intervention, and traumatic injuries to his neck and right shoulder***, among others, all of which constitute a serious impairment of body function and/or serious, permanent disfigurement. Plaintiff suffered a serious impairment of body function. Plaintiff's impairment is objectively manifested; is an impairment of an important body function; and it affects Plaintiff's general ability to lead his normal life.

14. In the event it should be determined that Plaintiff was suffering from any pre-existing conditions on the day and date of the incidents set forth in this Complaint, then, and in such event, it is averred that the negligence of Defendant exacerbated, precipitated and aggravated any such pre-existing conditions.

15. Plaintiff's damages include excess economic loss damages, including wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c). Plaintiff also claims excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiff for the subject accident.

WHEREFORE, Plaintiff, Steven Marlette, respectfully requests that judgment be entered in his favor against Defendant, Rogier Den Dekker, for whatever amount in excess of $75,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT II
## NEGLIGENCE and OWNER'S LIABILITY CLAIM AS TO DEFENDANT, THE HERTZ CORPORATION.

*Count II was dismissed pursuant to Plaintiff's Notice of Dismissal dated May 24, 2022.*

16. Plaintiff hereby adopts and incorporates by reference each and every

allegation contained in paragraphs 1 through 15 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

17. On the aforementioned date and time, Defendant, The Hertz Corporation, was the owner of the 2019 Subaru motor vehicle involved in the subject incident, and knowingly, willingly and negligently allowed same to be driven, operated, managed and/or controlled by Defendant, Rogier Den Dekker, when Defendant, The Hertz Corporation, knew or should have known that he would not be able to control said vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City of Troy, in direct disregard for the safety of Plaintiff, Steven Marlette.

18. Defendant, Rogier Den Dekker, was acting with the expressed and/or implied consent of Defendant, The Hertz Corporation.

19. That as a direct and proximate result of Defendant, The Hertz Corporation's, failure to observe the pertinent provisions of the Owner's Liability Statute, MCL 257.401 et seq., and its negligent entrustment of the 2019 Subaru motor vehicle to Defendant, Rogier Den Dekker, Plaintiff suffered damages as stated herein, as well as exemplary damages.

20. Plaintiff's damages include excess economic loss damages, including wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL

500.3135(3)(c). Plaintiff also claims excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiff for the subject accident.

WHEREFORE, Plaintiff, Steven Marlette, respectfully requests that judgment be entered in his favor against Defendants, Rogier Den Dekker and The Hertz Corporation, for whatever amount in excess of $75,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

**COUNT III**
**UNDERINSURED MOTORIST CLAIM AS TO DEFENDANT,**
**CITIZENS INSURANCE COMPANY OF THE MIDWEST**
**and/or CITIZENS INSURANCE COMPANY OF AMERICA**

21. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 20 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

22. Prior to and including May 21, 2019, Plaintiff was insured with Defendant, Citizens Insurance Company of the Midwest and/or Citizens Insurance Company of America, under the provisions of an automobile insurance policy issued by Defendant that was then in effect in accordance with the provisions of the No-Fault Insurance Act, MCL 500.3101 et seq., which policy of insurance provided underinsured motorist

coverage which was in effect on May 21, 2019.

23. That if the negligent tortfeasors, Rogier Den Dekker and Hertz Vehicles, LLC, have underlying bodily injury coverage, it will be insufficient to compensate Plaintiff for his injuries which would then obligate this Defendant to pay underinsurance coverage to Plaintiff, Steven Marlette, for his May 21, 2019 motor vehicle collision and injuries.

24. A claim for underinsured motorist benefits has been made in a timely fashion to Defendant, Citizens Insurance Company of the Midwest and/or Citizens Insurance Company of America.

25. Defendant, Citizens Insurance Company of the Midwest and/or Citizens Insurance Company of America, becomes liable for payment of underinsurance upon the negligent tortfeasors' proffering of their entire underlying bodily injury coverage.

26. Defendant has wrongfully denied and/or failed to pay underinsured motorist benefits to Plaintiff in their entirety and/or in a timely manner.

27. Because Defendant has possessed satisfactory proof of Plaintiff's losses for greater than 60 days and has improperly failed to pay this contractual benefit, then Defendant owes 12% penalty interest, per annum, pursuant to the Uniform Trade Practices Act, MCL 500.2001 *et seq.,* and *Nickola v MIC Gen'l Ins. Co.,* 500 Mich. 115, 894 NW2d 552, 560 (2017).

28. Plaintiff, Steven Marlette, has suffered injuries in excess of the underlying

bodily injury limits, if any, and Defendant is a proper party to this litigation for purposes of discovery, case evaluation and trial.

WHEREFORE, Plaintiff, Steven Marlette, seeks judgment against Defendant, Citizens Insurance Company of the Midwest and/or Citizens Insurance Company of America, for whatever amount in excess of $75,000.00 that is fair, just and reasonable, together with interest, costs and attorney fees.

## COUNT IV
## UNINSURED MOTORIST CLAIM AS TO DEFENDANT, CITIZENS INSURANCE COMPANY OF THE MIDWEST and/or CITIZENS INSURANCE COMPANY OF AMERICA

29. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 28 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

30. On or about May 21, 2019, Plaintiff, Steven Marlette, was insured with Defendant, Citizens Insurance Company of the Midwest and/or Citizens Insurance Company of America, under the provisions of an automobile insurance policy issued by Defendant that was then in effect in accordance with the provisions of the No-Fault Insurance Act, MCL 500.3101 et seq., and for which applicable premiums were paid.

31. Upon information and belief, Defendants, Rogier Den Dekker and Hertz Vehicles, LLC, were uninsured motorists, as defined by the terms of the subject insurance policy with Citizens Insurance Company of the Midwest and/or Citizens

Insurance Company of America.

32. Under the terms and conditions of the automobile uninsured insurance policy, Defendant, Citizens Insurance Company of the Midwest and/or Citizens Insurance Company of America, became obligated to pay uninsured motorist coverage to or on behalf of Plaintiff, if Plaintiff sustained a serious impairment of body function in an accident arising out of the ownership, operation, maintenance, or use of a motor vehicle, and the responsible tortfeasor was uninsured.

33. Sufficient proofs have been submitted to Defendant showing that the alleged uninsured negligent driver and owner were uninsured and owned the vehicle at the time of the motor vehicle accident.

34. Plaintiff re-alleges all prior paragraphs and injuries relating to this motor vehicle accident.

35. Defendant has wrongfully denied and/or failed to pay uninsured motorist benefits to Plaintiff in their entirety and/or in a timely manner.

36. Defendant, Citizens Insurance Company of the Midwest and/or Citizens Insurance Company of America, has refused to pay Plaintiff uninsured motorist benefits in the amount as provided under the terms of the insurance policy.

37. Because Defendant has possessed satisfactory proof of Plaintiff's losses for greater than 60 days and has improperly failed to pay this contractual benefit, then Defendant owes 12% penalty interest, per annum, pursuant to the Uniform Trade

Practices Act, MCL 500.2001 et seq., and Nickola v MIC Gen'l Ins. Co., 500 Mich. 115, 894 NW2d 552, 560 (2017).

38. That if Defendant has an arbitration clause in their contract, then Plaintiff has demanded arbitration to which Defendant has wrongfully refused. Plaintiff asks this Court to order this matter into binding arbitration.

WHEREFORE, Plaintiff, Steven Marlette, seeks judgment against Defendant, Citizens Insurance Company of the Midwest and/or Citizens Insurance Company of America, for whatever amount in excess of $75,000.00 that is fair, just and reasonable, together with interest, costs and attorney fees.

## COUNT V
## NEGLIGENCE and OWNER'S LIABILITY CLAIM AS TO DEFENDANT, HERTZ VEHICLES, LLC.

39. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 38 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

40. On the aforementioned date and time, Defendant, Hertz Vehicles, LLC, was the owner of the 2019 Subaru motor vehicle involved in the subject incident, and knowingly, willingly and negligently allowed same to be driven, operated, managed and/or controlled by Defendant, Rogier Den Dekker, when Defendant, Hertz Vehicles, LLC, knew or should have known that he would not be able to control said vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of

Michigan and the Common Law and the Ordinances for the City of Troy, in direct disregard for the safety of Plaintiff, Steven Marlette.

41. Defendant, Rogier Den Dekker, was acting with the expressed and/or implied consent of Defendant, Hertz Vehicles, LLC.

42. That as a direct and proximate result of Defendant, Hertz Vehicles, LLC's, failure to observe the pertinent provisions of the Owner's Liability Statute, MCL 257.401 et seq., and its negligent entrustment of the 2019 Subaru motor vehicle to Defendant, Rogier Den Dekker, Plaintiff suffered damages as stated herein, as well as exemplary damages.

43. Plaintiff's damages include excess economic loss damages, including wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c). Plaintiff also claims excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiff for the subject accident.

WHEREFORE, Plaintiff, Steven Marlette, respectfully requests that judgment be entered in his favor against Defendants, Rogier Den Dekker and Hertz Vehicles, LLC, for whatever amount in excess of $75,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully

sustained.

                                 Respectfully submitted,

                                 MIKE MORSE LAW FIRM
                                 Attorneys for Plaintiff

                                 */s/*  *Lewis A. Melfi*
                                 _____
                                 Marc J. Mendelson P-52798
                                 Eric M. Simpson P-57232
                                 Lewis A. Melfi P-73854
                                 24901 Northwestern Highway, Suite 700
                                 Southfield, Michigan 48075
                                 (248) 350-9050

Dated:  May 24, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN MARLETTE,                           Case No: 4:22-cv-11003-SDD-APP

        Plaintiff,                        Hon.

v.

ROGIER DEN DEKKER,
HERTZ VEHICLES, LLC,
CITIZENS INSURANCE COMPANY
OF THE MIDWEST and CITIZENS
INSURANCE COMPANY OF AMERICA,

        Defendants.
_____/

**Marc J. Mendelson P-52798**
**Lewis A. Melfi P-73854**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-l365
(248) 350-9050
lmelfi@855mikewins.com
ashley@855mikewins.com
_____/

## JURY DEMAND

    Plaintiff, Steven Marlette, by and through his attorneys, Mike Morse Law Firm, hereby respectfully demands a trial by jury on all issues in this cause of action.

<table>
<tr><td>

**PROOF OF SERVICE**

The undersigned certifies that on <u>May 24, 2022</u>, she served a copy of the foregoing document upon each of the attorneys of record, via:

|  |  |
|---|---|
| \_\_\_\_ US Mail | \_\_\_\_ Hand Delivery |
| \_\_\_\_ Facsimile | \_\_\_\_ Federal Express |
| \_\_\_\_ E-Mail | \_\_x\_\_ E-Serve |

*/s/ Ashley Batsikouras*
Ashley Batsikouras

</td></tr>
</table>

Dated:   May 24, 2022

Respectfully submitted,

MIKE MORSE LAW FIRM
Attorneys for Plaintiff


*/s/   Lewis A. Melfi*
_____
Marc J. Mendelson P-52798
Eric M. Simpson P-57232
Lewis A. Melfi P-73854
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050